FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2001 NOV -1  P 2:47

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REBECCA J. STIFFLER          *

    Plaintiff              *

vs.                          *   CIVIL ACTION NO. MJG-01-2247

PARAMOUNT PARKS, INC., et al. *

    Defendants             *

\*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER

The Court has before it Defendants' Motion to Transfer Venue and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

On or about October 30, 1999, Plaintiff Rebecca J. Stiffler ("Plaintiff") and her family went to the Kings Dominion amusement complex ("the Park") in Doswell, Virginia. Plaintiff alleges that she was injured while waiting in line to board an amusement ride. Specifically, she asserts that a Park employee negligently collided with her causing serious injury.

Plaintiff, a Maryland resident, has sued Defendant Paramount Parks, Inc., a Delaware Corporation that operated the Kings Dominion Campground, and Viacom, Inc., a Delaware Corporation that operated the Kings Dominion amusement park and "John Doe," the employee who collided with her. Plaintiff filed the lawsuit in the Circuit Court for Baltimore City. Defendants Paramount

and Viacom (herein referred to as "Defendants"[1]) properly removed the case to this Court so as to invoke the federal court's diversity jurisdiction. 28 U.S.C. § 1332.

Defendants seek to have the Court transfer this case to the Eastern District of Virginia, Richmond Division, pursuant to 28 U.S.C. § 1404.[2]

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." There is no doubt that this case might have eben brought in the Eastern District of Virginia.

A court is vested with great discretion in determining whether to grant a transfer under § 1404. See Quinn v. Bowmar Publ'g Co., 445 F. Supp. 780, 787 (D. Md. 1978). The burden lies with the defendant to show that a transfer is in the interests of justice. Id. As the Fourth Circuit has stated, "a district court is required to weigh the factors involved and '[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Collins v.

---

[1] Defendant John Doe has not yet been identified.

[2] Defendants also refer to Federal Rule of Civil Procedure 12(b)(3) which refers to the defense of improper venue.

Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984)(quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

In determining whether a transfer is warranted, courts consider such factors as: (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantages and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws. See Choice Hotels Int'l, Inc. v. Madison Tree, Inc., 23 F. Supp.2d 617, 622 n. 4 (D. Md. 1998).

The parties present largely generic arguments. These boil down to the fact that the Plaintiff and her family witnesses prefer a Maryland trial and the Defendants' employee witnesses prefer a Virginia trial. Neither side can, at the present stage, realistically address the situation regarding witnesses who would

appear at trial only if subpoenaed, or the likelihood of a view of the premises. The other factors do not now appear to be determinative.

At the present pretrial stage, there is no essential significance to whether the case is pending in Maryland or Virginia. The only real difference is whether discovery disputes and any summary judgment motions would be decided by this Court or the Eastern District of Virginia. Accordingly, the case will not <u>now</u> be transferred.

If requested by Defendants after any summary judgment motions are resolved, the Court will consider a transfer of the case for trial in Richmond. At that point the parties can address with specificity the pertinent factors the identity and location of witnesses, any need for a view of the scene, etc.

Accordingly:

1. Defendants' Motion to Transfer Venue is DENIED WITHOUT PREJUDICE.

2. Defendants may renew the Motion to Transfer after this Court rules on any summary judgment motions.

SO ORDERED this 31st day of October, 2001.

_____
Marvin J. Garbis
United States District Judge